UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14044-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRY BURNEY DELION, JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON FINAL HEARING REGARDING THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on June 5, 2019 with respect to the Petition for Warrant for Offender under Supervision (the "Petition") [D.E. 43], and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on June 5, 2019 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 2, 2018, the defendant submitted a urine specimen which tested positive for the presence of Marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services and the offender's admission. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On April 25, 2019, the defendant submitted a urine specimen which tested positive for the presence of Methamphetamines and Amphetamines in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services. |
| **Violation Number 3** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On May 2, |

|  |  |
|---|---|
|  | 2019, the defendant submitted a urine specimen which tested positive for the presence of Methamphetamines and Amphetamines in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services. |
| **Violation Number 4** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On May 7, 2019, the defendant submitted a urine specimen which tested positive for the presence of Amphetamines and Cocaine in our local laboratory; and are awaiting confirmation by Alere Toxicology Services. |
| **Violation Number 5** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about April 25, 2019, the defendant moved from his approved residence of …. Sloan Road, Fort Pierce, Florida 34947, and failed to notify the probation officer 10 days prior to any change. [Full Address Redacted]. |
| **Violation Number 6** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's April 2019 Monthly Supervision Report, contained false information regarding his residential address when in fact, evidence and statements from his ex-girlfriend indicate this to be false. |
| **Violation Number 7** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On May 2, 2019, the defendant was questioned regarding his residential address and stated, that he lived at …. Sloan Road, Fort Pierce, Florida 34947, when in fact, evidence and statements from his ex-girlfriend indicate this to be false. [Full Address Redacted]. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1 through 5 as set forth in the Petition. The Government stated on the record that it would dismiss Violation Numbers 6 and 7 after sentencing. This Court questioned the Defendant on the record and made certain that he understood his rights in regard to an evidentiary hearing with respect to Violation Numbers 1 through 5. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his

2

admissions as to Violation Numbers 1 through 5, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions. Regarding Violation Number 1, the Defendant submitted a urine specimen on October 2, 2018 that tested positive for the presence of marijuana in Probation's local laboratory and was confirmed positive by Alere Toxicology Services. Defendant admitted the marijuana use and signed an Admission of Drug Use Form. Regarding Violation Number 2, the Defendant submitted a urine specimen on April 25, 2019 that tested positive for the presence of methamphetamines and amphetamines in Probation's local laboratory and was confirmed positive by Alere Toxicology Services. Regarding Violation Number 3, the Defendant submitted a urine specimen on May 2, 2019 that tested positive for the presence of methamphetamines and amphetamines in Probation's local laboratory and was confirmed positive by Alere Toxicology Services. Regarding Violation Number 4, the Defendant submitted a urine specimen on May 7, 2019 that tested positive for the presence of amphetamines and cocaine in Probation's local laboratory and was confirmed positive by Alere Toxicology Services. Regarding Violation Number 5, Probation Officer Christina Williams received a call from the Defendant's girlfriend on April 25, 2019. The girlfriend stated that Defendant no longer resided at her address on Sloan Road in Fort Pierce. Officer Williams went to the residence to verify that the Defendant no longer resided there, and Defendant's girlfriend provided a written statement to that effect. On May 7, 2019, Officer Williams went back to the residence to find out whether Defendant had returned. Defendant's girlfriend confirmed that Defendant had not lived at the Sloan Road residence since April 25, 2019. Defendant never advised Officer Williams that he had moved out of the residence.

4. Defendant agreed that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1 through 5.

5. The possible maximum penalties faced by Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 5, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of June, 2019.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE