UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14044-CR-GRAHAM/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**TERRY BURNEY DELION, JR.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON VIOLATION NUMBER 4 OF THE
SECOND SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION**

**THIS CAUSE** having come before the Court for a final hearing on September 16, 2020 with respect to the Second Superseding Petition for Offender under Supervision (the "Petition") (DE 92), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court for a final hearing on Violation Number 4 of the Petition. Violation Number 4 alleges:

| | |
|---|---|
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 29, 2019, in St. Lucie County, Florida, the defendant did commit the offense of Felon in possession of a firearm, contrary to Florida Statute 790.23(1)(a). |

2. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, Defendant was advised of his right to appear in person for the proceeding. Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Having discussed the matter with the Defendant, this Court finds that his waiver of in person

appearance and consent to proceed through video teleconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. Proceeding by proffer, the Government stated that on August 29, 2019, an officer from the Fort Pierce Police Department recovered a sweatshirt, a ski mask, a wallet, approximately $130.00 in U.S. currency, and a loaded Glock Model 26 .9-millimeter semiautomatic pistol in a carport at an address in Fort Pierce, Florida. These items were found together discarded. A law enforcement K-9 tracked the scent from the sweatshirt to a nearby Family Dollar store. Defendant was located at the Family Dollar store and arrested. The sweatshirt and ski mask were processed for DNA evidence. A forensic biologist from the Indian River Crime Laboratory examined DNA recovered from the sweat shirt and ski mask and determined that some of the DNA on those items matched Defendant's DNA profile. On July 22, 2020, Defendant was interviewed by the FBI. After consulting with his attorney and signing a written waiver of his Miranda rights, Defendant admitted that he possessed the above-referenced firearm on August 29, 2019. He also admitted that he knew he was a convicted felon and prohibited by law from possessing firearms. Defendant was convicted in February 2010 in the Southern District of Florida of bank robbery in violation of 18 U.S.C. § 2113(a) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was released from prison on those charges in July 2018.

4. The Defendant did not seek to cross-examine any witnesses. Defendant also did not present any witnesses or evidence.

5. This Court has considered the evidence and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Number 4. The Government indicated that it intends to dismiss Violation Numbers 1 through 3 at sentencing.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Number 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this  17th  day of September, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE